case number 22-5200 William Edward Powell appellant versus Janet L. Yellen in her official capacity as Secretary of the United States Department of Treasury et al. Mr. Shelley, amicus curiae for the appellants, Mr. Christensen for the appellees. Mr. Shelley, good morning. Good morning, may it please the court. I'm Anthony Shelley, the court-appointed amicus in support of Helen William Powell. I've reserved two minutes for rebuttal. This appeal requires the court to address three of its prior precedent involving the Internal Revenue Code provision authorizing taxpayers to obtain their own tax returns, their own taxpayer information. The three cases are Church of Scientology, Lake, Maxwell. There are three ways to deal with these precedents, two of which lead to Mr. Powell winning this appeal, and a third which is favored by the government but that is foreclosed by the court's obligation to seek to harmonize precedents rather than discard them. So first option one, that would be to hold the Church of Scientology finance FOIA procedures such as the time and manner of making a disclosure request that they apply to the disclosure of information at the administrative level but that under Lake a judicial action to compel disclosure is governed by 6103 Internal Revenue Code. That's the reading I put forth in my amicus, the opening brief, my opening amicus brief, and it follows from the exact wording of Maxwell which indeed tried to harmonize Church of Scientology and Lake or took a first pass at that. It also follows from Judge Henderson's concurrence in essential information versus USIA where Judge Henderson noted that specific statutes authorizing disclosure override FOIA whereas the non-disclosure parts of a statute do not override. And here Mr. Powell sues to enforce disclosure aspect 6103. Should the court adopt this for adoption, to read the cases that way, Mr. Powell wins this Is there any precedent that supports this kind of bifurcated or different approach, FOIA at one level and APA in a different level? Like I've never seen this before. There isn't but there isn't but you have to try to make sense of three cases here but also under 6103... But why doesn't what Maxwell said make sense of three cases? Maxwell just says that Lake said just dealt with the Privacy Act versus FOIA and held that the Privacy Act is not operative of that FOIA, or 6103 is. I'm sorry 6103 instead of... So I think that Lake can be read as we said in Maxwell to just say that Lake was looking at whether 6103 is applicable versus the Privacy Act and it held that 6103 is the way to go. But then when you harmonize that with Church of Scientology, 6103 is an exemption under Exemption 3 of FOIA. It seems that Maxwell has done the work here. Well Judge Penn, you're I think looking at one paragraph in Maxwell where Judge Sentel did note that Lake was a Privacy Act case but the next paragraph then tries to, is the part that really tries to harmonize them by saying they're easily harmonized and Lake does not speak to whether FOIA requirements should apply to the processing of appellant section 6103 requests. So Church of Scientology clearly controls this case in requiring FOIA procedures. The District Court was thus correct in holding that FOIA still applies to section 6103 claims. And in fact in Maxwell... But so if FOIA applies to 6103 claims why can't that be all the way through? Well because a 6103 claim is not a FOIA claim, it's a 6103 claim. And in fact in Maxwell the plaintiff invoked only 6103 in the APA and it was and the court affirmed part of the disclosure of information. And so the court wasn't saying you must raise a FOIA cause of action, in fact it was saying the opposite. That in affirming aspects of the District Court where the District Court said when you sue under 6103 the IRS at least has to make sure your request... But the District Court in Maxwell construed the 6103 request as a FOIA request. So when we affirmed that, we affirmed treating it as a FOIA request. And indeed Maxwell goes through kind of the FOIA analysis when it gets to the substance of what should or shouldn't be disclosed. Right. Well two other aspects of that then that I want to address and kind of interplay the two questions looking at Judge Kahan. And one is that bifurcation theory does make sense because under 6103 P it is the IRS supposed to determine the administrative procedures that apply. And the IRS has determined that its FOIA procedures will apply in these circumstances. So 6103 can be read at least at the administrative level to leave it to the IRS to pick how is a person to seek to collect their own information. How do you make the request? And the IRS hasn't issued separate 6103 regulations... Wait, but the case law doesn't say we left it to the IRS and the IRS chose FOIA. As a matter of statutory construction, we said that in our prior cases that this is part of FOIA Exemption 3. That 6103 is part of FOIA Exemption 3. This doesn't involve I think the FOIA, the death FOIA exemption. What we're having here under Church of Scientology, the exemption that there's an exemption, there's an additional exemption contained in 6103 that was at issue. That's not at issue here. The other thing I want to mention is that Mr. Powell's requests are really Privacy Act-like requests. They're not FOIA requests. They look like exactly the ones that were made in Lake. And the court there said if you're seeking your own information, that's a 6103 claim, which then is picked up, at least in the language, not the district court's way of looking at it, at least in the language of Maxwell's appeals level. And so if you look at his... He didn't cite any of these. He didn't cite the Privacy Act. He didn't cite FOIA. And he didn't cite the APA. You have to look at the substance of his claim. And it's really for his own information that he's seeking, which is actually a Privacy Act sort of cause of action, not a FOIA cause of action. It isn't the request for public information in general to determine if the government is acting well. It's instead a request, a specific request under a specific statute for his own information that looks like a Privacy Act kind of claim. So you have to turn most to Lake then, where Lake says, we displace FOIA. We displace the Privacy Act. And so therefore, if we accept that Maxwell... FOIA, that we can really kind of read that broadly. When I looked at the briefing in Lake, the appellants in Lake explicitly said, we don't want to use FOIA and we're not making FOIA requests.  They said, they said, FOIA isn't the right statute to provide this type of information to the American people, et cetera, et cetera. Like the appellants in Lake, for whatever reason, didn't want to have FOIA be considered at all with respect to their requests or their tax information. So naturally our court in disposing of their claim wasn't deciding anything about FOIA because they weren't relying on FOIA. I mean, the way that I read these cases and the statutes is that, look, we said in Scientology, the FOIA disclosure statute has these nine different exemptions. One of them is if something can't be disclosed by statute, well, 6103 marries completely with Exemption 3. And what we said in Lake was the Privacy Act, to the extent that it has substantive non-disclosure kind of specifications, those are overridden or superseded for tax purposes by the standards, the substantive standards in 6103. And so if we're not going to follow those substantive standards, and we're not going to follow the cause of action under Privacy Act. And so I think based on that and based on our decision in Gardner, um, you bring an APA claim to, um, if you were challenging wrongful disclosure of your tax information, um, in violation of 6103, I think there you have an APA claim because there's no Privacy Act claim. But if you want disclosure of your own tax information, Church of Scientology and Maxwell says it's FOIA. Well, what I would point out though, is that in Lake, there is a discussion of FOIA. And it's a discussion of FOIA to support the Privacy Act, the Privacy Act aspect of the Privacy Act being displaced, and says we displaced the Privacy Act because in fact, we would displace FOIA here as well. And that's where Judge Henderson's concurrence was cited, for instance, for the prospect that if you're seeking the disclosure of your information, then you, then you must rely on the specific statute. If you're seeking to have not, if you're seeking to, but if you're seeking to avoid non-disclosure, so for instance, in Church of Scientology, that was really about an exemption from disclosure. And that was then engraved, the extra exemption in 6103 wasn't grafted onto FOIA. But here, this really isn't about that exemption. This is about seeking disclosure of your own information, rather than the non, rather than prohibiting disclosure. Well, the Church of Scientology, the California church was seeking their own tax records, but they were also seeking records related to the national church and L. Ron Hubbard, the founder of the church. And so we treated all of that as FOIA, and said, well, under Exemption 3 and 6103, you can have your own records from your California church, but you can't have these other records. And Church of Scientology, the cases don't mesh perfectly. That's why we're here with the fourth case, really. They have to be harmonized. And so Church of Scientology, it does have two parts to it, seeking your own information and seeking information about other entities. And as a result, it was largely the latter. Therefore, that's very consistent with our theory that if you're seeking information that's not yours, that's not the part that 6103 specifically concerns disclosure about it. That's the part that concerns non-disclosure. It seems to me, counsel, that your argument relies on the assertion that Lake, it's really relying on Lake and saying that Lake says there's a 6103 cause of action. And to the exclusion of FOIA. But Lake doesn't talk about FOIA. It just doesn't mention it. So isn't the more logical way to read this as Lake just compares Privacy Act cause of action to 6103 cause of action, doesn't address FOIA. And then FOIA comes in in Maxwell and Church of Scientology and says that that's what we're doing here. Well, with due respect, I think Lake does discuss FOIA. It, after the court talked about Privacy Act being displaced, it says a comparison of the precise treatment of return information under 6103 and the imprecise regulation of agency records in the Privacy Act reveals many other differences. In analogous circumstances, we have held that the Freedom of Information Act does not govern the disclosure of information when in another statute, Congress has dealt with- It didn't apply FOIA. It just mentioned FOIA as an example, right? Well, correct. Well, it used FOIA, Judge Henderson's concurrence, all to support what it did. But I will agree with you that a Privacy Act claim was made there, not a FOIA claim. But my point would be, well, Mr. Powell has a Privacy Act. The facts of his case and what he stated in the Second Amendment complaint are closest to a Privacy Act claim. The court has to determine the proper characterization of the complaint. It's not a FOIA claim. It's not seeking general information about the government. He's seeking information about himself, his own tax returns, the tax returns of companies in which he is the heir, essentially, and the tax information about estates that he administers. And so when you're seeking information about yourself, that's more so a Privacy Act claim as opposed to a FOIA. So if we think that he can't bring a Privacy Act claim, where does that- It goes to Section 6103 with an APA claim. As Lake says, that was what should have happened in that case. And because the plaintiff didn't want to do that because they feared that an exception not relevant here from 6103 would be invoked against them if they brought the 6103 action. So they wanted to use the Privacy Act instead. And the court said, no, you must use 6103. You get the good parts and the warts with it. And you go through the APA. You can't use a Privacy Act claim and avoid the specific things Congress said in 6103. I've gone over my time. All right, if there are no more, we'll give you a couple of minutes in reply. Thank you. Thank you, Your Honor. Mr. Christensen. Good morning. May it please the court, Jacob Christensen, and I represent the appellees in this case, the Commissioner of Internal Revenue, Secretary of the Treasury Department, and their respective agencies. This court has already twice decided the very issue that is being raised in this case, which is that Section 6103 of the Internal Revenue Code displaced or superseded the disclosure provisions of the Freedom of Information Act. Church of Scientology, and then again in Maxwell, this court rejected that argument, holding that Section 6103 instead gave rise to an exemption under FOIA, but that FOIA's procedures continued to apply to requests for tax records from the Internal Revenue Service. This court decision in Lake versus Rubin did not upset that precedent. In fact, Mr. Powell's reliance on that case is misplaced for the very same reasons that this court explained in Maxwell. Same argument was raised in Maxwell in reliance on Lake, that Lake provided a cause of action under Section 6103. Aren't we a minority of one among the circuits to see this dichotomy between the Privacy Act and FOIA? Didn't the Seventh Circuit, at least the Seventh Circuit, come to a different conclusion? I'm not sure what the question is. I'm sorry, could you repeat? Well, 6103 displaces the Privacy Act we've held, and we may, I think we've held that it does not displace FOIA. We're stuck with that. And what I'm asking you is, isn't that a minority view of one among the circuits, particularly the Seventh Circuit? Whether the Lake decision is a minority decision in holding that Section 6103 supersedes the Privacy Act? No, that 6103 either supersedes both or neither. That is what the Seventh Circuit held. I don't have the case in front of me. I think that is correct. The Seventh Circuit has held that Section 6103 superseded both FOIA and the Privacy Act. In holding that Section 6103 supersedes the FOIA Act, however, the Seventh Circuit is certainly in the minority. It's only the Sixth and Seventh Circuits that have come to that conclusion. This court and other cases that we've cited in our brief have come to the opposite conclusion. Just what is your best argument for why we should have this dichotomy between the Privacy Act and FOIA as far as 6103 displacing one but not the other? Well, FOIA, as this court held in Church of Scientology, provides a full and complete adequate remedy for requests for disclosure of tax records. And so there's the adequate remedy there, which would certainly preclude any review under... So is Lake wrong? Not that we could do anything about it, but why is Lake right? I don't necessarily think that Lake is incorrect. As to the Privacy Act, the court held that 6103 governs because the Privacy Act did not give any judicial remedy in certain circumstances. And so in Lake, this court said 6103 would apply. But Lake did not address the interplay between Section 6103 and FOIA, which is the issue in this case. And under Church of Scientology and Maxwell, the FOIA procedures apply to any request for the disclosure of tax records. And that is the way that Maxwell harmonized Lake and Church of Scientology. It seems that the law is muddled even in other circuits, because I had the same concern or question that Judge Henderson did. Lake, I think, cites a Seventh Circuit case called Cheek versus IRS, which is a one-page opinion. But Cheek, in turn, relies on a case called King versus IRS. And King says at the very end, after going through a whole bunch of language that seems to say that 6103 displaces FOIA, their final paragraph is that they say, we conclude that the provisions of Section 6103 apply either independently or through FOIA Exemption B-3. So that's about as clear as mud. So I don't know that any of the circuits have kind of covered themselves in glory here in how they've described this. But I guess the way that I've looked at it is that when Lake says that the Freedom of Information Act does not govern the disclosure of information, just as the Privacy Act does not govern the disclosure of information. When they were talking about FOIA, they were saying, well, the other Freedom of Information Act exemptions, because there are exemptions about protecting privacy, et cetera, right? But rather than use those, there is a statutory exemption here under B-3, under 6103, that's going to govern the disclosure. And that's all that Lake was saying. And that's consistent with Maxwell. And that's consistent with Church of Scientology. And it's consistent with another case we decided called Gardner. What's your view of that? I think that's right. I think that that's the way that Maxwell harmonized Lake in Church of Scientology. The Lake decision was a Privacy Act case, did not address the interplay between section 6103 and FOIA, which Maxwell pointed out is instead controlled by this court's decision in Church of Scientology. Even if all of that is correct, then that means that the district court, you concede in your brief that the district court had subject matter jurisdiction. So then it was error then for district court to dismiss the case on 12B-1 grounds. That's right. So why then should we send the case back for the district court to sort it out, given that Mr. Powell says in his pleadings that he made FOIA requests for some of this information? Maybe he's collaterally stopped. Maybe he's not. Maybe he exhausted. Maybe he didn't. We don't know from this record. And the district court didn't reach any of that. So why should we affirm? Well, any FOIA claims that Powell may have made, have certainly at this point been waived by not arguing in the opening brief or in the reply brief on appeal that the complaint stated a claim under FOIA. That has not been the argument. It's not been made to the extent that- Well, why in this opening brief would he argue anything about whether he stated a claim when he's challenging the wrongful dismissal for lack of subject matter jurisdiction? Well, Mr. Powell joined in the amicus brief, the opening brief under review now. And that brief asserts the argument that the APA provides a cause of action to enforce section 6103. There is no assertion or argument that the complaint stated a claim under FOIA. So the government hasn't addressed that argument in the briefing. And frankly, it's either been abandoned or waived because it's not been included in the briefing before this court. It'd be too late at this point to assert a FOIA claim, I would submit. And so for that reason, this court, as it has done in other cases, that were dismissed wrongfully on the basis of lack of subject matter jurisdiction can instead affirm for failure of the complaint to state a claim under Rule 12.6. And I thought in his pro se brief, his opening brief, he says words to the effect of like, I made a FOIA request, which was proper. He didn't lay it all out, but he at least says that or says words to that effect. Am I wrong about that? To that extent, I believe Mr. Powell was referring to requests made to the IRS administratively. He was applying the FOIA procedures that governed in making a request to the IRS. But in the litigation, he's never asserted a FOIA claim. In fact, the government counsel early on in the case, recognizing this, sent an email to Mr. Powell asking him whether he wished to amend the complaint because the complaint did not mention FOIA or the Privacy Act. And Mr. Powell declined to do that. Well, I guess what I'm trying to figure out is let's suppose I'm a district court judge and someone whose pro se leads a set of facts that appear to be a breach, appears to be a plausible breach of contract claim. And the defendants say, your Section 1983 claims and your other claims aren't plausible. You should plead a breach of contract claim. And pro se plaintiff says, well, I'm leaving my pleading as it is. Is the district court judge at that point when they get the 12B6 motion supposed to just not construe the plausible breach of contract claim and just say, well, you've waived it? I mean, isn't that like counter to the way that we deal with pro se plaintiffs? No, but here there's an explicit denial of reliance on the FOIA, which the district court found. And the reason seemed to be that Mr. Powell has many prior FOIA cases. And therefore, perhaps the strategy was to avoid collateral estoppel defenses, whatever his reasons. But even assuming that the complaint had alleged a FOIA claim, certainly by now on appeal, Mr. Powell has either abandoned or waived that argument by not raising it in the opening brief on appeal or in the reply brief or yet here argument. There are, if I may speak briefly, Mr. Powell is seeking to draw a distinction between individuals seeking records about themselves, as opposed to public seeking tax records and is arguing that the Privacy Act applies to the former while FOIA only applies to the latter. That very argument was also made in the Maxwell case. And this court held that the appellants claim without citing any support FOIA requirements cannot be applicable to their requests for personal information, but only to request for public information. All of these arguments fail for the reasons already articulated by the district court. FOIA clearly does provide a remedy to a taxpayer seeking disclosure of his own tax records and would apply and provided an adequate remedy for Mr. Powell in this case. There are no further questions. Okay, we have your, thank you. Mr. Shelley, why don't you take two minutes? Your Honor, I'd just like to make three points. One is that yes, the Seventh Circuit, the Seventh Circuit has adopted an approach that Privacy Act is displaced and the FOIA is displaced. We would be, the circuit would be alone saying Privacy Act is displaced, but FOIA is not. And I know Judge Wilkins, you mentioned the Cheek case is just one page long, but it is a published decision and it's also one page long because the court was summarizing what it thought it did in King in holding that FOIA was displaced and they said it would be extremely anomalous to have one displaced, but not the other. And particularly because the legislative history- I'm sorry, can you just clarify the state of play with the other circuits? Because my understanding was that the Third, Fifth, Tenth, Eleventh in our circuit say that 6103 does not supersede FOIA. Procedures, procedures, but- You already said that there's no precedent for this bifurcated approach that you're proposing, so no other circuit has adopted that. Well, correct, but what I was- So when they say it doesn't supersede FOIA, they're not saying we should bifurcate. Well, but those circuits are holding that FOIA is displaced, but the separate question is whether if the Privacy Act is displaced, would we be the only circuit to say that FOIA is not displaced in that sense? But he didn't raise a FOIA claim. Claims are closer to Privacy Act claims to begin with, as I pushed before. But previously, he's already filed numerous FOIA claims, and it seemed- and correct me if I'm wrong, it seemed like he was purposefully avoiding FOIA because he didn't get what he wanted under FOIA. So we thought maybe if I try the Privacy- 6103, maybe I'll get something different. I think Mr. Powell's been at this for 10 years, trying to get tax records, and he feels like he's gotten the runaround from the government that they can't find them and that actual tax returns for various corporations aren't able to be found is distressing and frustrating to him. He did try a different tack in this case, but it's not my understanding that if we had, for instance, a reversal here because it shouldn't have been dismissed for lack of jurisdiction, to send it back to the district court to sort out whether he does want to bring a FOIA claim and try once more with the government to try to get what he wants. It's not my understanding that he would object to that. But the issue is, what happened in the district court is not sort of like the hypothetical that Judge Wilkins raised where a pro se claimant isn't sure what the cause of action is and perhaps chose the wrong one. This is a litigant who has used FOIA, understands FOIA, has filed FOIA requests and purposefully avoided filing a FOIA request in this instance because it seems that perhaps he thought he could get something different if he filed a 6103 claim. That's what it seems like because on this record, the agency counsel actually said to him, don't you mean to file a FOIA claim? And he said, no, no, I don't want to. So it seems like a little different from the typical pro se plaintiff. It seems that this was strategic. I can't really speak to his motivation, but I can't say he did file a FOIA request. He thinks he did. He thought he was following FOIA procedures using the FOIA administrative process. He did get to court. He didn't raise FOIA. He didn't raise the Privacy Act. He just stated his facts. I will admit that he at that point said, look, I'm frustrated. FOIA hasn't helped me. I want to go under 6103. But he is a pro se litigant and I believe that if we went back to the district court, I think he had counsel, this could be sorted out in his 10 year dismay could perhaps come to an end. All right, Mr. Shelley, you were appointed by the court to represent the client and we thank you for your very able assistance. Please, thank you.
judges: Henderson, Wilkins, Pan